JAMES A. RIDDLE, SBN NO. 112003
jriddle@thelen.com
THELEN REID BROWN RAYSMAN & STEINER, LLP
101 Second Street, Suite 1800
San Francisco, CA 94105-3601
Tel: (415) 371-1200
Fax: (415) 371-1211

Attorneys for Defendant
GREAT AMERICAN INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

**SAN DIEGO DIVISION**

| | |
|---|---|
| EDGE LOGISTICS SERVICES CORP.<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>Defendant. | **Case No.: 08 CV 0012 JM RBB**<br><br>**ANSWER TO COMPLAINT** |

Defendant Great American Insurance Company ("Great American") answers the Complaint of Edge Logistics Service Corporation ("Edge Logistics") as follows:

## I. PARTIES

1. Great American admits that it entered into an insurance policy with Edge Logistics. Great American denies all other allegations of Paragraph 1.

2. Great American admits the allegations of Paragraph 2.

3. Great American admits the allegations of Paragraph 3.

4. Great American admits that it has declined to provide representation to

Edge Logistics in connection with a lawsuit in the County of San Diego, Case No. GIC 869711. Great American denies all other allegations of Paragraph 4.

5. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and therefore denies them.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

6. Great American admits that it contracted with Edge Logistics to provide insurance. Great American denies all other allegations of Paragraph 6.

7. Great American admits that a First Amended Complaint was filed against Edge Logistics by four individual plaintiffs on or about 10/19/06. Great American denies all other allegations of Paragraph 7.

8. Great American admits the allegations of Paragraph 8.

9. Great American admits that it has declined to defend or indemnify Edge Logistics. Great American denies all other allegations of Paragraph 9.

10. [Omitted from Complaint].

11. Great American denies the allegations of Paragraph 11.

12. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies them.

## III. FIRST CAUSE OF ACTION

13. Great American incorporates by reference its responses to Paragraphs 1-12 above as if fully set forth herein.

14. Great American denies the allegations of Paragraph 14.

15. Great American admits that Edge Logistics is an insured of Great American. Great American further admits that it has declined to defend or indemnify Edge Logistics in connection with a San Diego County lawsuit. Great

American denies all other allegations of Paragraph 15.

16. Great American admits that the policy included coverage denominated employment practices liability. Great American denies all other allegations of Paragraph 16.

17. Great American admits that it has declined to defend Edge Logistics in connection with a San Diego County lawsuit. Great American denies all other allegations of Paragraph 17.

18. Great American denies the allegations of Paragraph 18.

## IV. SECOND CAUSE OF ACTION

19. Great American incorporates by reference its responses to Paragraphs 1-18 above as if fully set forth herein.

20. Great American is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and therefore denies them.

21. Great American denies the allegations of Paragraph 21.

22. Great American denies the allegations of Paragraph 22.

## V. THIRD CAUSE OF ACTION

23. Great American denies the allegations of Paragraph 23.

24. Great American denies the allegations of Paragraph 24.

## VI. PRAYER FOR RELIEF

Great American denies that Edge Logistics is entitled to any of the relief it seeks by means of the Complaint, under any theory.

## AFFIRMATIVE DEFENSES

Unless otherwise specified, Great American asserts the following affirmative defenses to Edge Logistics' entire Complaint and each and every cause of action

therein.

## FIRST AFFIRMATIVE DEFENSE

1. Edge Logistics' Complaint, and each separately pleaded cause of action or claim alleged, fails to state a claim upon which relief can be granted against Great American under any theory.

## SECOND AFFIRMATIVE DEFENSE

2. Edge Logistics has failed to exhaust its contractual remedies under the policy, including but not limited to arbitration of disputes.

## THIRD AFFIRMATIVE DEFENSE

3. Edge Logistics' claims are barred in whole or in part because Edge Logistics failed to fully perform its obligations under the Policy, including but not limited to the obligation to timely submit claims under the Policy to Great American and to cooperate with and permit Great American to conduct a full and fair investigation of any claims under the policy.

## FOURTH AFFIRMATIVE DEFENSE

4. Edge Logistics' claims are barred in whole or in part by the doctrines of waiver, estoppel, laches and/or unclean hands in that, among other things, Edge Logistics unreasonably delayed in submitting claims, if any, to Great American.

## FIFTH AFFIRMATIVE DEFENSE

5. Great American has no obligation to reimburse Edge Logistics for any costs or expenses of litigation incurred by Edge Logistics without prior written consent of Great American.

## SIXTH AFFIRMATIVE DEFENSE

6. Great American is not responsible for any costs or expenses to defend claims not potentially covered under the policy, including but not limited to claims

asserted against parties who are not insured, or affirmative claims by parties who are insured.

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent Great American is obligated to reimburse Edge Logistics for any defense costs incurred, Great American is liable only for reasonable and necessary legal fees and expenses incurred in defense of covered claims.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Great American is not obligated to indemnify Edge Logistics for any liability arising from claims not covered by the policy, including by not limited to claims not first made during the policy, claims based on Edge Logistics' intentional and/or unlawful conduct (e.g., deliberate dishonesty), claims not seeking the recovery of "loss" as defined by the policy, and claims seeking to compel Edge Logistics to disgorge ill gotten gains.

**NINTH AFFIRMATIVE DEFENSE**

9. Edge Logistics' claims are barred in whole or in part because Edge Logistics failed to mitigate, minimize or avoid its damages, if such occurred, and any recovery against Great American must be reduced by that amount.

WHEREFORE, Great American prays as follows:

1. That Plaintiff take nothing by reason of its Complaint, and that the Complaint be dismissed with prejudice;

2. That judgment be entered in favor of Great American as to all causes of action asserted against it;

3. That Great American be awarded is costs of suit, including attorneys' fees, incurred in defense of the action; and,

4. For such other relief as the Court deems just and proper.

Dated: January 8, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By [signature]
James A. Riddle
Attorneys for Defendant
GREAT AMERICAN INSURANCE COMPANY

# CERTIFICATE OF SERVICE BY MAIL

CASE NO. 08 CV 0012 JM RBB

I am over the age of 18 and not a party to the within action. I am employed in the County of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business address is 101 Second Street, Suite 1800, San Francisco, California 94105.

On January 8, 2008, I served the following entitled document:

**ANSWER TO COMPLAINT**

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

**Joshua Klugman**
**11041 Santa Monica Blvd., No. 818**
**Los Angeles, CA 90025**

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On this day, I placed for collection and processing the above document to be deposited with the United States Postal Service in the ordinary course of business. And in the ordinary course of the firm's business, such correspondence is deposited with the United States Postal Service the same day that it is collected.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 8, 2008, at San Francisco, California.

Sylvia Lee